NOT DESIGNATED FOR PUBLICATION

No. 117,953

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT GILBERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed October 12, 2018. Reversed and vacated.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J..

PER CURIAM: On appeal, Defendant Scott Gilbert contends the State failed to bring him to trial within the 180-day time limit imposed by the Agreement on Detainers Act, K.S.A. 22-4401 et seq., and, therefore, his conviction in a bench trial in Leavenworth County District Court for aggravated escape from custody must be reversed. Gilbert and the State have identified one particular continuance in the chronology of the case as dispositive of the speedy trial issue. Based on their identification of the controlling point, we find Gilbert's rights under the Act were violated

1

and reverse his conviction. In short, the district court erred in denying Gilbert's motion for relief under the Act.

Gilbert and two other inmates escaped from the Lansing Correctional Facility in May 2013. Gilbert and one of his cohorts stole a truck and drove across the state line into Missouri. Law enforcement officers gave chase, resulting in an extended motor vehicle pursuit through Platte County, Missouri. During the incident, Gilbert appropriated a shotgun he found in the truck and repeatedly fired it at the law enforcement officers. A jury sitting in Platte County Circuit Court found Gilbert guilty of four counts of aggravated assault of a law enforcement officer and other charges growing out of the chase. The circuit court sentenced Gilbert to a controlling term of 128 years in prison, and the Missouri Court of Appeals has affirmed the convictions and sentences. *State v. Gilbert*, 531 S.W.3d 94, 97 (Mo. App. 2017).

Meanwhile, the Leavenworth County Attorney's office charged Gilbert with aggravated escape from custody, a severity level 5 nonperson felony. See K.S.A. 2017 Supp. 21-5911. Before Gilbert went to trial on the Missouri charges, the Leavenworth County Attorney filed a detainer with Missouri authorities, requiring them to hold Gilbert for prosecution on the Kansas charge. Upon Gilbert's conviction and sentencing in Missouri, the detainer triggered various rights and obligations under the Agreement on Detainers Act. Missouri has also adopted the Act and, thus, agrees to abide by its terms. Mo. Rev. Stat. § 217.490 (2000).

Particularly pertinent here, the Act requires that, on proper request, an inmate serving a sentence in one state must be brought to trial within 180 days on a detainer for charges filed in another state. K.S.A. 22-4401, Art. III(a). The inmate has to make a written request conforming to requirements of the Act, and authorities in the state holding the inmate, here Missouri, have to forward specific paperwork to authorities in the

2

requesting state, here Kansas. It is undisputed those conditions were satisfied as to the detainer for Gilbert on the aggravated escape from custody charge.

The consequences for exceeding the 180-day period in the Act are harsh and unyielding: The charges identified in the detainer must be dismissed with prejudice. K.S.A. 22-4401, Art. III(e). The Act, however, provides that the court "having jurisdiction of the matter" may grant continuances that do not count against the 180-day time limit. Because the aggravated escape charge had been filed against Gilbert in the Leavenworth County District Court, it had jurisdiction under the Act and the authority to grant continuances. The Act states the district court may grant "any necessary or reasonable continuance" upon "good cause shown in open court, the prisoner or his counsel being present." K.S.A. 22-4401, Art. III(a). Continuances properly granted to either the State or the defendant for good cause do not count against the 180-day time limit.

Gilbert's return to Kansas was delayed for the jury trial in Platte County on the Missouri charges—a delay the parties agree does not count against the 180-day period. The record shows that after Gilbert was delivered to Kansas authorities, the district court granted a couple of short continuances. For the most part, however, time was running on the 180-day limit. The parties focus on the chronology and circumstances leading up to the continuance of Gilbert's initial trial date in district court. The district court arraigned Gilbert on April 13, 2016, and set his trial for June 30. The appellate record shows that on May 26 the district court continued the trial to July 14. The district court did so by e-mail without a hearing or any appearances by the lawyers or Gilbert.

At a short hearing on June 22 regarding consolidation of charges against Gilbert for trial, the following discussion took place at the very end of the proceeding:

"THE COURT: . . . So are we set then for June 30th at 9:00 then?

3

"MR. THOMPSON [prosecutor]: Yes, Your Honor.

"THE COURT: Mr. Sonntag?

"MR. SONNTAG [Gilbert's trial lawyer]: Judge, what date is that set for? I'm sorry.

"THE COURT: I'm showing—it looks like my notes say June 30th at 9:00, but I'll see what the court—

"MR. SONNTAG: Judge, I—you had e-mailed Mr. Thompson and I about—

"THE COURT: Oh, that's right.

"MR. SONNTAG: —a scheduling conflict in this case.

"THE COURT: I'm gone that day, so—

"MR. SONNTAG: My calendar indicates that the Court rescheduled the trial for July 14th.

"THE COURT: Let's look. You're correct. It is July 14th, and it's the only case set for that day, so—

"MR. SONNTAG: All right.

"THE COURT: Correct. So it's July 14th at 9:00 o'clock. Thank you for reminding me of that. July 14th at 9:00 o'clock. We'll see you then, Mr. Gilbert. Thank you.

"MR. SONNTAG: So both cases are scheduled for trial that day, Judge?

"THE COURT: They've been consolidated for trial that day.

"MR. SONNTAG: Thank you, Judge."

As the State and Gilbert have framed the issue for us on appeal, the trial continuance from June 30 to July 14 is controlling. If that time counts toward the 180-day limit set in the Act, then Gilbert was not tried within that limit. If it does not count, then he was timely tried. The State has not offered an alternative argument or supporting documentation from the record to the effect that even if the continuance were counted against the 180-day limit, Gilbert received a timely trial under the Act.

The district court later continued the July 14 trial and entered additional continuances the parties agree complied with the Act. Gilbert filed a motion to dismiss the charge against him for failing to bring him to trial within the 180-day limit. The district court ultimately denied the motion at a hearing on December 5, 2016. Gilbert waived his right to jury trial and agreed to a bench trial based mainly on the evidence

4

presented at the preliminary hearing and the lawyers' arguments. The district court found Gilbert guilty of aggravated escape from custody and later sentenced him to serve 130 months in prison followed by postrelease supervision for 24 months, reflecting a standard guidelines punishment based on Gilbert's criminal history.[*]

[*]As the record suggests, Gilbert apparently faced Kansas charges in addition to the one for aggravated escape from custody. Just what became of all of those charges is neither germane to this appeal nor immediately clear from the record. The State dismissed a charge of unlawful possession of a firearm just before the bench trial. This appeal concerns only Gilbert's conviction for aggravated escape from custody.

As his sole issue on appeal, Gilbert raises his right to be tried within 180 days as required by the Act and the district court's denial of his motion for relief for a violation of that right.

The district court's e-mail continuing the trial from June 30 to July 14 is not in the record. We may infer from the discussion at the June 22 hearing that the district court continued the trial because some sort of conflict developed. Depending on the conflicting circumstance, that could well provide "good cause" for the continuance. But the record is silent on the specific reason. We put aside trying to parse who bears the burden of the elliptical record on good cause. The e-mail continuance did not conform to the Act for another reason—it was not made in open court with either Gilbert or his lawyer present. So the time between June 30, the original trial date, and July 14, the new date fixed in the e-mail continuance, counts against the 180-day limit for bringing Gilbert to trial.

The Act clearly defines how the district court must consider and grant continuances. We are not free to deviate from that statutory language. See *State v. Schreiner*, 46 Kan. App. 2d 778, 784, 264 P.3d 1033 (2011) ("It is not the courts' business or function to add to or take away from the language of a statute."). We appreciate the district court's desire to be economical with its own time and that of the lawyers in this case by using e-mail to grant and communicate its decision to continue

5

Gilbert's trial date. But efficiency that conflicts with clear statutory requirements amounts to a false economy that may have material unintended consequences, especially in criminal cases. So it is here.

The Kansas appellate courts have recognized that defendants should not be deprived of the protections of the Act if their requests for dispositions of detainers substantially comply with the statutory notice requirements. See *In re Habeas Corpus Application of Sweat*, 235 Kan. 570, 575-76, 684 P.2d 347 (1984) ("'substantial compliance' . . . was sufficient to invoke the protections afforded" by the Act); *State v. North*, No. 117,837, 2018 WL 3945929, at *4 (Kan. App. 2018) (unpublished opinion). But that rule has no application here. First, an e-mail order issued without a hearing to continue a trial date does not substantially comply with the statutory mandate for a hearing in open court with the defendant or defense counsel present. That's true no matter how good the reason for the continuance. Second, the courts have not, as far as we can tell, invoked "substantial compliance" to deprive defendants of rights secured in the Act.

On appeal, the State argues that the district court eventually recited good reasons for the continuance of Gilbert's trial from June 30 to July 14. But those after-the-fact recitations come up short. At a hearing on July 11 to consider Gilbert's motion to dismiss, the district court stated that it continued the trial from June 30 to July 14 during the June 22 hearing specifically because it had just consolidated two cases against Gilbert. Although the cases were consolidated on June 22, the discussion at the end of that hearing established the trial had already been continued to July 14. So on July 11 the district court mistakenly described the reason for the continuance. On July 11, the district court again continued the jury trial, took Gilbert's motion under advisement, and allowed the parties to submit additional authority on the speedy trial issue.

The State also cites the district court's explanation for the original continuance offered during a hearing on October 7. The district court reiterated that it moved the trial

6

from June 30 to July 14 because the cases against Gilbert had been consolidated and explained that it was unavailable for trial on June 30, although the reason remained unstated. We fail to see that those comments from the district court established good cause. One of the offered reasons was erroneous, and the other was unexplained.

Moreover, the State's argument doesn't defuse the failure of the e-mail continuance to comply with the Act's requirement for a hearing in open court regarding the good cause for a continuance. The State says the discussion at the end of the June 22 hearing either amounted to a new continuance of the trial to July 14 or a ratification of the e-mail continuance to July 14. Again, we find the State's position wanting. The discussion, which we have recounted verbatim, was simply a clarification of the trial date after the district court misspoke and incorrectly identified June 30 as the date. Fairly read, the transcript reflects that the district court had already continued the trial from June 30 to July 14 because of a conflict. And, more significantly for our purposes, the discussion shows the district court had already ordered the continuance by e-mail because of its unavailability on June 30.

Based on the parties' identification and briefing of the circumstances bearing on Gilbert's motion to dismiss for failing to bring him to trial within the 180-day time limit in the Act, we find the district court erred in denying the motion. The motion should have been granted.

We, therefore, reverse Gilbert's conviction for aggravated escape from custody and vacate his sentence.